[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12209
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 2, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 07-00032-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE BOLDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 2, 2009)**

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Tyrone Bolden, a federal prisoner convicted of possession with intent to

distribute 5 grams or more of cocaine base, 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), appeals the district court's denial of his "Motion to Dismiss Search Warrant." On appeal, Bolden argues the search warrant used to search his father's house was fatally flawed under Georgia case law. He argues the affiant to the search warrant failed to confirm the identity of the informant and, in any event, the information provided by the informant was insufficient to obtain a search warrant, particularly as she denied at trial having provided any tip to the police. Bolden also argues the district court order, barring him from referencing the search warrant on direct examination, deprived him of a meaningful defense. Finally, he challenges the effectiveness of his counsel's representation.

## I. Motion to Dismiss Search Warrant

In reviewing a district court's denial of a motion to suppress, we review the district court's factual findings for clear error and its application of the law to those facts *de novo*. *United States v. Mercer*, 541 F.3d 1070, 1073-74 (11th Cir. 2008). Such review requires that all facts be construed "in the light most favorable to the party prevailing in the district court[.]" *Id.* at 1074. Here, the prevailing party was the Government. "It is established law of this Circuit that the admissibility in federal court of the products of state searches and seizures is controlled by federal

law." *United States v. Clay*, 355 F.3d 1281, 1283 (11th Cir. 2004).

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). To prevail on a motion to suppress evidence that was seized pursuant to a search warrant, based on allegations of falsity in the supporting affidavit, the challenging party has the burden of establishing (1) the affiant made the alleged misrepresentations or omissions knowingly or recklessly, and (2) exclusion of the alleged misrepresentations or inclusion of the alleged omissions would have resulted in a lack of probable cause. *See United States v. Novaton*, 271 F.3d 968, 986-87 (11th Cir. 2001). In addition, it is well established that an exception "to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1326 (11th Cir. 2008) (internal quotation marks omitted).

Federal law controls the admissibility of evidence that is the product of a state search and seizure, so Bolden's arguments based on Georgia law are unavailing. *See Clay*, 355 F.3d at 1283. After reviewing the record, we find the district court's conclusion that the search warrant was supported by probable cause was not clearly erroneous. Furthermore, Bolden's father, the homeowner,

consented to the search of the property. For these reasons, the district court did not err in denying Bolden's motion to dismiss the search warrant.

## II. Ineffective Assistance of Counsel

We generally will not consider an ineffective-assistance-of-counsel claim "raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). We will, however, consider such a claim on direct appeal "[i]f the record is sufficiently developed[.]" *Id.* The Supreme Court in *Massaro v. United States*, 123 S. Ct. 1690 (2003), recognized that, although ineffectiveness claims generally should be raised in a 28 U.S.C. § 2255 motion, "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." *Id.* at 1694-96.

In this case, Bolden did not raise as an issue before the district court the effectiveness of his counsel's representation. Nor is the alleged ineffectiveness of his counsel apparent from the record. Therefore, the record is insufficiently developed for this Court to consider Bolden's ineffective-assistance-of-counsel claim, and we dismiss this claim.

**AFFIRMED in part, DISMISSED in part.**

4