[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12810
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cr-00032-JRH-BWC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE BOLDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 7, 2021)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

This appeal arises out of appellant Tyrone Bolden's request for a sentence reduction under the First Step Act of 2018. The First Step Act permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants who were sentenced before those penalties became effective. Because Bolden was previously convicted of possessing with intent to distribute five grams or more of crack cocaine, there is no question that he is eligible for a sentence reduction under the First Step Act, and the district court accordingly reduced his sentence to 262 months, the bottom of his revised guidelines range. But the district court said it could not grant any further reduction because the First Step Act did not authorize a district court to reduce a movant's sentence to below his revised guidelines range. Because the district court had the authority to further reduce Bolden's sentence under the First Step Act, the district erred, and we therefore vacate and remand for further proceedings. *See United States v. Jones*, 962 F.3d 1290, 1305 (11th Cir. 2020).

## I.

In 2008, a jury found Bolden guilty of possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) (Count One) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two). Because Bolden had prior convictions for felony drug offenses, the penalty range for the drug offense was 10

years to life.  *See* 21 U.S.C. § 841(b)(1)(A) (2008).  At sentencing, the district court found Bolden responsible for 11.31 grams of crack cocaine and calculated his guidelines range as 360 months to life.  The district court sentenced Bolden to a total term of imprisonment of 360 months, consisting of 360 months on Count One and 120 months on Count Two, to be served concurrently.  We affirmed Bolden's convictions.  *See United States v. Bolden*, 316 F. App'x 915 (11th Cir. 2009) (unpublished).

About two years after Bolden was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity).  Relevant for our purposes, the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams.  *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(B)(iii).  Until recently, the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Recently, Congress passed the First Step Act, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018), to give district courts the discretion to apply

retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act. The First Step Act permits a district court to "impose a reduced sentence as if" the Fair Sentencing Act had been in effect at the time the offense was committed. *Id.* § 404(b). The First Step Act leaves to the district court's discretion whether to reduce a sentence for an eligible defendant. *Id.* § 404(c).

After the First Step Act went into effect, Bolden sent the district court clerk a one-page handwritten letter, asking the court to appoint counsel to represent him in seeking a reduction under the First Step Act. The government construed Bolden's letter as a request for a sentence reduction and filed a response conceding that Bolden was eligible for a sentence reduction. The government said that if Bolden had been sentenced under the Fair Sentencing Act, his guidelines range would have been 262 to 327 months. It urged the court to reduce Bolden's sentence to 262 months. The district court then reduced his sentence to 262 months. The court stated that it awarded the sentence reduction after taking into account the policy statement set forth at USSG § 1B1.10.[1]

---

[1] Section 1B1.10 addresses a district court's authority to award a sentence reduction when there is a retroactive amendment to the Sentencing Guidelines. It states that a district court generally may not reduce a sentence to a term less than the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) (providing that a district court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range"). Nothing in § 1B1.10 addresses a district court's authority to award a sentence reduction based on a statute.

Bolden filed a motion for reconsideration, asking the court to award a further sentence reduction by imposing a sentence below the revised guidelines range. The court denied Bolden's motion, stating that it had "no authority" to reduce his sentence below 262 months. Doc. 96 at 2.[2] Bolden appealed and, proceeding *pro se*, filed his initial brief in our court.

Upon receiving Bolden's brief, the government filed a motion for an indicative ruling in the district court. The government said that the district court "committed a clear error in judgment" in concluding that it lacked discretion to reduce Bolden's sentence below the revised guidelines range and said that the court should have considered whether a further sentence reduction was warranted based on the sentencing factors set forth in 18 U.S.C. § 3553(a).[3] Doc. 104 at 5. The government acknowledged that because Bolden had filed a notice of appeal, the district court lacked jurisdiction to address this issue. The government asked the court to give an indicative ruling making clear that it had authority to reduce

---

[2] "Doc." numbers refer to the district court's docket entries.

[3] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the Sentencing Guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)–(7).

Bolden's sentence below his revised guidelines range but would not a grant a further sentence reduction based on the § 3553(a) factors. *See* Fed. R. App. P. 12.1.

The district court entered an order indicating that even if it had the authority to reduce Bolden's sentence below the revised guidelines range, it would keep his sentence at 262 months. After the district court entered this order, no motion to remand was filed in our Court, and the case was not remanded to the district court. Instead, the parties completed briefing this appeal.[4]

## II.

On appeal, Bolden argues that the district court erred in sentencing him to 262 months' imprisonment because the district court erroneously believed it lacked authority to reduce his sentence below the revised guideline range.[5] We agree that the district court erred. As we explained in *Jones*, nothing in the First Step Act bars a district court from reducing a movant's sentence below the revised guideline range. *Jones*, 962 F.3d at 1305. Because the district court erred in concluding that it lacked the authority to further reduce Bolden's sentence, we must vacate and remand for further proceedings. *See id.*

---

[4] *Pro bono* counsel agreed to represent Bolden and submitted a reply brief on his behalf.

[5] We review *de novo* whether a district court had the authority to modify a movant's term of imprisonment under the First Step Act. *Jones*, 962 F.3d at 1296.

The government does not dispute that the district court erred when it said it lacked authority to reduce Bolden's sentence below his revised guidelines range. But the government urges us to affirm because the district court later clarified that even if it had the authority to award a further sentence reduction, it would have imposed the exact same sentence.

The problem with the government's argument is that it requires us to look to an order that the district court entered *after* Bolden filed his notice of appeal. A party's filing a notice of appeal is "an event of jurisdictional significance" because it "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3949.1 (5th ed. 2020) (explaining that once jurisdiction passes to the appellate court, "the district court generally lacks power to act" and any actions taken "in violation of this principle are null and void"). As a result, we generally do not consider a district court order entered after the appellant filed his notice of appeal that relates to an issue involved in the appeal. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637 n.14 (11th Cir. 2010).

The government nonetheless says that we can consider the district court's order entered after Bolden filed his notice of appeal because it is properly before us as an indicative ruling. Federal Rule of Appellate Procedure 12.1 sets forth the

7

procedures related to indicative rulings.  The Rule permits a district court to issue an indicative ruling on a motion that seeks relief the district court otherwise would lack authority to grant because an appeal is pending.  Under our Local Rules, when a district court states that it would award "substantive relief from the order or judgment on appeal," we may remand the case so that the district court may enter the order.  11th Cir. R. 12.1-1(c)(2).

We cannot say that the district court's order entered after Bolden filed his notice of appeal is properly before us based on the procedures for indicative rulings.  In its indicative ruling, the district court did not say that it would award substantive relief to Bolden from the order on appeal if the case were remanded, and we never remanded the case so that the district court could enter the order.  *See id.*

## III.

We vacate the district court's orders and remand for further proceedings.  On remand, the district court should address whether it will exercise its discretion to award Bolden a sentence reduction.[6]  After the district court addresses this issue on remand, any party may file a notice of appeal.

---

[6] Bolden raises other arguments on appeal related to the district court's decision to *sua sponte* convert his letter requesting counsel into a substantive motion for a sentence reduction and then rule on that motion without giving him an opportunity to be heard.  Because we are vacating and remanding for further proceedings, we need not reach the merits of these arguments.  And because Bolden is now represented by counsel, on remand, he will have the benefit of the assistance of counsel before the district court in presenting his arguments about

**VACATED AND REMANDED.**

---

why the court should exercise its discretion to reduce his sentence.